ALEX COOLMAN
SBN 250911
THE LAW OFFICE OF ALEX COOLMAN
3268 Governor Drive #390
San Diego, CA 92122
Tel: (619) 843-7129
alex@coolmanlaw.com

Attorney for Plaintiff
MICHAEL NEWMAN

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEWMAN, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | **1. Violation of Bane Act (Cal. Civ. Code § 52.1);** |
| | **2. Negligence;** |
| DEPUTY TODD UNDERHILL, | **3. 42 U.S.C. § 1983 –** *Monell***;** |
| DEPUTY JONATHAN BARMER, | **4. 42 U.S.C. § 1983 – Unreasonable Search and Seizure.** |
| SERGEANT OSVALDO PELAYES, DOE 1, AND COUNTY OF SAN BERNARDINO, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## JURISDICTION, VENUE AND ADMINISTRATIVE EXHAUSTION

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343, and 1367, as Plaintiff asserts causes of action under 42 U.S.C. § 1983, in addition to causes of action under California law that arise from the same controversy giving rise to Plaintiff's 1983 claims.

2. Pursuant to 28 U.S.C. § 1391, venue is proper in this District, as the events giving rise to this action occurred in the County of San Bernardino, California, which is located within the Central District of California.

3. Plaintiff filed a timely administrative complaint with the County of San Bernardino related to this incident on October 4, 2022. The County denied that complaint on November 10, 2022.

## THE PARTIES

4. Plaintiff Michael Newman ("Newman" or "Plaintiff") owns and lives at a home at 4083 Camellia Drive, San Bernardino.

5. Plaintiff is quadriplegic and bedridden.

6. Defendants Deputy Todd Underhill ("Underhill"), Deputy Jonathan Barmer ("Barmer"), Sergeant Osvaldo Pelayes ("Pelayes") and Doe 1 are employees of the San Bernardino County Sheriff's Department. All Defendants are sued here in their personal capacity. At all times relevant to this complaint, these Defendants were acting under color of law.

7. The true name of Defendant DOE 1 is not now known to Plaintiff, who therefore sues said Defendant by such fictitious name, but upon ascertaining the true name of DOE 1, Plaintiff will amend this complaint, or seek leave to do so, by substituting same for said fictitious name.

8. San Bernardino County ("County") is a municipal entity duly organized under California law. The San Bernardino County Sheriff's Department ("Sheriff's Department") is the chief law enforcement agency for the County.

COMPLAINT                                                                 2

# FACTUAL OVERVIEW

1. Newman's home, at 4083 Camellia Drive, shown below, is a large building with multiple bedrooms.



2. At about 2 a.m. of July 27, 2022, Defendants Underhill, Barmer, Pelayes, and Doe 1 entered 4083 Camellia Drive through a rear patio door.

3. In order to access the rear patio, Underhill, Barmer, Pelayes, and Doe 1 walked past a van with a handicapped license plate and a large wheelchair lift.

4. Underhill, Barmer, Pelayes, and Doe 1, all of whom were armed, did not have a warrant to enter the home.

5. The rear patio door through which Underhill, Barmer, Pelayes, and Doe 1 entered the home opened into the kitchen.

6. Next to the kitchen, in a room that has been set up as his living space, Newman was awake and working on his computer. He heard the entry of Underhill, Barmer, Pelayes, and Doe 1, but did not know who they were.

7. Underhill, Barmer, Pelayes, and Doe 1, who were able to walk from the kitchen into Newman's living area, pointed flashlights and guns directly at Newman where he lay in bed, and shouted at him for him to come out with his hands up.

8. It took several frightening moments of being held at gunpoint for Newman to convince Underhill, Barmer, Pelayes, and Doe 1 that he was unable to comply with their requests, and could neither put his hands up nor come out of his room, because he is quadriplegic.

9. Underhill, Barmer, Pelayes, and Doe 1 then entered Newman's living area and began questioning him about the occupants of the home. Underhill, Barmer, Pelayes, and Doe 1 searched Newman's entire house.

10. Newman had committed no crime and was not the intended target of the search. Nevertheless, deputies kept several credit cards belonging to Newman.

11. Underhill, Barmer, Pelayes, and Doe 1 refused to provide business cards to Newman or to identify themselves clearly.

12. In the wake of this warrantless entry and search of his home, Newman filed a request with the San Bernardino County Sheriff's Department under the California Public Records Act for any incident report that was generated related to what occurred.

13. The San Bernardino County Sheriff's Department replied to Newman on September 15, 2022 that it did "not possess records responsive to your request" and that Newman should "contact the City of San Bernardino Police Department" instead because his home was in the jurisdiction of the city rather than the county, as shown below:

> **A message was sent to you regarding record request #22-2871:**
>
> September 15, 2022
>
> Michael C. Newman
> Re: Public Records Act request #22-2871
>
> Dear Mr. Newman:
> The San Bernardino County Sheriff's Department ("Department") has concluded its review of your Public Records Act request. Your request seeks information related to an incident that occurred at 4083 Camellia Drive, San Bernardino, CA 92404 on July 27, 2022.
>
> After a thorough and diligent search, the Department has determined it does not possess records responsive to your request. Please be advised that the address you provided is within the jurisdiction of the City of San Bernardino Police Department. Please contact the City of San Bernardino Police Department at: 710 North D Street, San Bernardino, CA. 92401. Phone number: 909-384-5742.
>
> Sincerely,
> San Bernardino County Sheriff's Department
>
> **View Request 22-2871**
> https://sanbernardinocounty.nextrequest.com/requests/22-2871

14.     This response was false and misleading.  A San Bernardino Sheriff's Department Incident Report, DR:012201686, had been generated related to this incident months earlier.  On information and belief, the Sheriff's Department was aware of that fact.

# FIRST CAUSE OF ACTION:

## Bane Act – California Civil Code § 52.1

### (Against Defendants Underhill, Barmer, Pelayes, and Doe 1)

15. Plaintiff reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

16. Defendants Underhill, Barmer, Pelayes, and Doe 1, by their violent conduct, interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiff's rights as secured by the Fourth Amendment to the United States Constitution – specifically, the right to be free from unreasonable searches and seizures

17. Defendants Underhill, Barmer, Pelayes, and Doe 1 intended to deprive Plaintiff of his enjoyment of the interests protected by the Fourth Amendment to the Constitution.

18. As a result, Plaintiff suffered damages in an amount to be proven at trial.

# SECOND CAUSE OF ACTION:

## Negligence

### (Against Defendants Underhill, Barmer, Pelayes, and Doe 1)

19. Plaintiff reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

20. Defendants Underhill, Barmer, Pelayes, and Doe 1 had a duty to use reasonable care in conducting an entry into and a search of Plaintiff's home.

21. Defendants Underhill, Barmer, Pelayes, and Doe 1 breached that duty by performing a warrantless entry of a large home with multiple bedrooms, at 2 a.m., in a situation that was not justified by any exigency and where there was an obvious risk of encountering other individuals.

22. Defendants Underhill, Barmer, Pelayes, and Doe 1 further breached that duty by conducting a warrantless search of the entire home.

23. Plaintiff was harmed, and the breach of this duty by Underhill, Barmer, Pelayes, and Doe 1 caused and was a substantial factor in causing harm to Plaintiff.

24. As a result, Plaintiff suffered damages in an amount to be proved at trial.

### THIRD CAUSE OF ACTION:

### 42 U.S.C. § 1983, *Monell*
### (Against San Bernardino County)

25. Plaintiff reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

26. The County is liable for the deprivation of Newman's constitutional rights under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) and its progeny, which held that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from, as relevant here, an established custom resulting in deliberate indifference to the constitutional rights of citizens.

27. The County is liable under Monell in that members of its Sheriff's Department followed an established custom of not only performing the illegal actions

discussed above but also of concealing the existence of records related to that incident and misleadingly suggesting that an entirely different law enforcement agency must have been responsible for the action, for the purpose of insulating Sheriff's Department employees from accountability.

28. The existence of such a custom is demonstrated by the coordination between multiple members of the Sheriff's Department that would have been necessary to deny the existence of the incident report related to the search of 4083 Camellia Drive when such an incident report does exist.

29. The existence of such a custom is also demonstrated by language from the San Bernardino County Sheriff Department's own website related to Public Records requests at https://wp.sbcounty.gov/sheriff/divisions/information-services/ (as of January 9, 2023), shown below, which implies that the Sheriff's Department need not turn over records "when it was not the responding agency to an incident," even though, under California law, the existence of disclosable records does not depend on whether the Sheriff itself was technically the "responding agency" to an incident:

> **What if the Department does not have records that are responsive to my request?**
>
> The Department will advise you in writing if it does not have a record that is responsive to your request. The reason the Department may not have a record can vary. For example, the Department may have never created the record, such as when it was not the responding agency to an incident. Or, the record may have already been lawfully destroyed. Please note that the Department does not have a duty to create a record that does not exist at the time of the request, nor does the Department have to reconstruct a record that was lawfully discarded prior to the receipt of the request. (Gov. Code, § 7922.535. (a), formerly Gov. Code, § 6253, subd. (c)).)

30. Plaintiff therefore suffered damages in amount to be proven at trial.

# FOURTH CAUSE OF ACTION:

## 42 U.S.C. § 1983, Unreasonable Search and Seizure
### (Against Defendants Underhill, Barmer, Pelayes, and Doe 1)

31. Plaintiff reasserts, realleges, and incorporates herein by reference each and every allegation of the preceding paragraphs.

32. Defendants Underhill, Barmer, Pelayes, and Doe 1 violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution by conducting a warrantless entry into and search of his home, at 2 a.m., that was not supported by any exception to the warrant requirement.

33. Defendants Underhill, Barmer, Pelayes, and Doe 1 violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution in seizing his credits cards.

34. As a result, Plaintiff suffered fear, anxiety, and inconvenience, and is entitled to damages in an amount to be proven at trial.

35. Additionally, in committing the acts alleged above, Defendants Underhill, Barmer, Pelayes, and Doe 1 acted maliciously and/or were guilty of a wanton and reckless disregard for Plaintiff's basic legal rights, and by reasons therefore Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

36. Pursuant to the foregoing causes of action, Plaintiff prays for:

    a. As to each cause of action, judgment against Defendants and in favor of Plaintiff;

b. As to each cause of action, an award of compensatory damages (general and special);

c. As to the cause of action under the Bane Act, treble damages pursuant to Civil Code sections 52 and 52.1;

d. For punitive damages against Defendants Underhill, Barmer, Pelayes, and Doe 1;

e. As to the cause of action under the Bane Act, litigation costs and reasonable attorney's fees as permitted by Civil Code section 52.1, and all other applicable statutory and case law;

f. Such reasonable attorney fees, expenses, and costs of suit as are provided by 42 U.S.C. §§ 1983-1988.

g. For such other further equitable and legal relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to each and every cause of action alleged herein.

DATED: January 9, 2023

/s/ Alex Coolman
ALEX COOLMAN
Attorney for Plaintiff Michael Newman